**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Helayne Seidman,

          Plaintiff,

          v.

Suparossa on Western Inc.,

          Defendant.

Case No:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Helayne Seidman ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Suparossa on Western Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is an award-winning photojournalist and editorial photographer whose work has been widely published by major national and international media organizations.

3. Plaintiff regularly photographs restaurants, chefs, food-related businesses, hospitality venues, celebrities, entertainment figures, public-interest stories, and other subjects of editorial significance. Through substantial investment of time, skill, creativity, training, equipment, and expense, Plaintiff has developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

4. Plaintiff's photography has appeared in widely circulated print and digital publications, and Plaintiff has developed substantial goodwill and recognition as a professional photographer. Plaintiff derives income from licensing her original photographic works to media outlets, publishers, businesses, and other commercial users.

1

5. Plaintiff created a photograph depicting Una Pizza Napoletana (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6. Defendant operates Pete's Pizza on Western, a restaurant business serving pizza, Italian cuisine, food and beverage products, and related services to consumers in the Chicago metropolitan area.

7. Upon information and belief, Defendant uses social-media platforms as a significant component of its marketing strategy. Specifically, Defendant owns, operates, controls, maintains, and/or is responsible for content published through a Facebook account known as "Pete's Pizza on Western" (the "*Account*").

8. Upon information and belief, Defendant uses the Account to promote its restaurant, menu offerings, food products, events, customer experiences, brand identity, and related commercial activities.

9. Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Account in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

10. Plaintiff is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

11. Defendant is an Illinois corporation with a principal place of business at 3737 North Western Avenue, Chicago in Cook County, Illinois.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Illinois.

14.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A.     Plaintiff's Copyright Ownership

15.     Plaintiff is an award-winning photojournalist and editorial photographer whose work has been widely published by major national and international media organizations, including extensive publication in the New York Post and other leading news outlets.

16.     Plaintiff regularly photographs restaurants, chefs, food-related businesses, hospitality venues, celebrities, entertainment figures, public-interest stories, and other subjects of editorial significance. Through substantial investment of time, skill, creativity, training, equipment, and expense, Plaintiff has developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, marketing, and digital-media uses.

17.     Plaintiff has devoted substantial time, skill, effort, and expense to developing her photography business and creating a portfolio of original photographic works.

18.     Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, websites, businesses, marketing agencies, public-relations firms, and other third parties for authorized use.

19.     Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of her photography business.

20.     Plaintiff actively protects her copyrighted works against unauthorized reproduction, distribution, and display.

21.     Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of her copyrighted works, and interferes with the market for authorized licenses.

22.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of her photographs.

23.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

**B.     Defendant's Infringing Activity**

24.     Defendant is the registered owner of the Account and is responsible for its content.

25.     Defendant is the operator of the Account and is responsible for its content.

26.     The Account is a key component of Defendant's popular and lucrative commercial enterprise.

27.     Upon information and belief, Defendant operates Pete's Pizza on Western as a restaurant business serving pizza, Italian cuisine, food and beverage products, and related services to consumers in the Chicago metropolitan area.

28.     Upon information and belief, the Account serves as a primary marketing, branding, and customer-engagement platform through which Defendant promotes its restaurant, menu offerings, food products, customer experiences, events, and related commercial activities.

29.     Upon information and belief, Defendant regularly publishes photographs depicting restaurants, food, hospitality venues, culinary experiences, restaurants of public interest, and related visual content to attract customer attention and engagement.

30.     Upon information and belief, Defendant derives commercial benefit from operation of the Account through customer acquisition, brand promotion, audience engagement, restaurant visibility, customer traffic, increased sales, and related revenue-generating activities.

31.     Upon information and belief, Defendant uses the Account to attract existing and prospective customers, increase customer engagement, promote menu offerings, strengthen brand recognition, encourage customer visits, and generate additional sales and revenue.

32.     Upon information and belief, the Account functions as an important advertising and promotional tool through which Defendant markets its restaurant and food products to the public.

33.     On or about July 17, 2023, without permission or authorization from Plaintiff,

4

Defendant volitionally reproduced and publicly displayed Defendant displayed the Photograph on the Account as part of an on-line post at URL: https://www.facebook.com/photo.php?fbid=768346991771901&set=a.752599006680033&type=3&from_lookaside=1. (the *"Infringement")*. A copy of a screengrab depicting the Infringement is attached hereto as <u>Exhibit 2</u>.

34. Upon information and belief, Defendant selected and displayed the Photograph because of its visual appeal, restaurant-related subject matter, and ability to attract audience attention and engagement.

35. Upon information and belief, Defendant used the Photograph because it depicted a highly regarded and well-known restaurant establishment whose reputation, popularity, and visual appeal would increase consumer interest in Defendant's content.

36. Upon information and belief, Defendant benefited from the association between its restaurant business and the restaurant depicted in the Photograph.

37. Upon information and belief, the Photograph was incorporated into content curated and published by Defendant to increase audience engagement, enhance the visibility of Defendant's restaurant, promote Defendant's brand, and strengthen Defendant's association with notable and highly regarded restaurant establishments.

38. Upon information and belief, Defendant derived commercial value from using the Photograph to attract visitors to the Account, retain viewer attention, and enhance the effectiveness of its promotional and marketing content.

39. The Photograph was intentionally and volitionally produced, displayed and stored by Defendant at URL: https://scontent-mia3-1.xx.fbcdn.net/v/t39.30808-6/361189083_768346975105236_3883459437299288059_n.jpg?_nc_cat=100&ccb=1-7&_nc_sid=49d041&_nc_ohc=Ac5X1EchKwsAX9TOliM&_nc_ht=scontent-mia3-1.xx&oh=00_AfD73kINLbrw7lD0zbHe2dLzB5QGmGkG-IvWsnRLPgzMgQ&oe=650603CD.

40. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting,

perspective, and overall expressive content.

41. Plaintiff first observed the Infringement on September 11, 2023.

42. Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph (the "*Infringement*").

43. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

44. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

45. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

46. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringement because such a claim would amount to willful blindness.

47. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

48. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

49. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

50. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, customer interest, promotional

SLG SANDERS · LAW GROUP·

value, commercial value, and restaurant visibility for Defendant.

51. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting audience engagement, promotional exposure, brand visibility, customer interaction, customer acquisition, increased restaurant visibility, increased customer traffic, and related business-development opportunities.

52. Defendant's use of the Photograph harmed the actual market for the Photograph.

53. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

54. On September 25, 2023, Plaintiff, through counsel, sent an audit letter notifying Defendant of the infringing activity described herein and demanding that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

55. Thereafter, on March 18, 2024, November 11, 2025, and December 11, 2025, Plaintiff, through counsel, sent additional audit-related communications seeking to resolve the dispute without litigation and affording Defendant further opportunities to address Plaintiff's claims.

56. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

57. Upon information and belief, the Infringement remained publicly accessible through the Account after Defendant received Plaintiff's notices concerning the Infringement.

58. Despite receiving notice of Plaintiff's claims, Defendant continued to reproduce, display, distribute, and otherwise exploit the Photograph through the Account. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

59. The commencement of this action was therefore necessary to protect Plaintiff's

rights under the Copyright Act.

60.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

61.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

62.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

63.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

64.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

65.     Without permission or authorization from Plaintiff and in violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied, reproduced, distributed, and publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights under the Copyright Act.

66.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

67.     Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph in violation of Title 17 of the United States Code by using, publishing, posting, displaying, communicating, publicizing, and otherwise holding out to the public for commercial benefit Plaintiff's original Photograph without Plaintiff's license, consent, or authorization.

68.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

8

69. As a result of Defendant's violations of Title 17 of the United States Code, the Court in its discretion may allow recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. §505.

70. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

71. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by reproducing, distributing, and publicly displaying it without a license or authorization;

    b. for an award of actual damages and disgorgement of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. §504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: August 10, 2026

**SANDERS LAW GROUP**

By: ___/s/ Craig Sanders_____
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128799

*Attorneys for Plaintiff*